IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Adams,                )<br>                                            )<br>                    Petitioner,     )<br>                                            )     Civil Action No. 8:23-6143-BHH<br>v.                                         )<br>                                            )     **<u>ORDER</u>**<br>South Carolina Department   )<br>of Corrections,                      )<br>                                            )<br>                    Respondent.  )<br>_____) | |

      This matter is before the Court on Petitioner Brandon Adams' ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on November 30, 2023. (ECF No. 1.) On March 11, 2024, Respondent filed a motion for summary judgment, to which Petitioner filed a response in opposition. (ECF Nos. 22, 23, 33.) Respondent thereafter filed a reply. (ECF No. 35.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for initial review.

      On May 22, 2024, Magistrate Judge Bristow Marchant filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondent's motion for summary judgment. (ECF No. 37.) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. Petitioner filed objections and a motion to appoint counsel on June 3, 2024. (ECF Nos. 39, 40.) Petitioner subsequently filed a letter on July 11, 2024, and additional materials on November 15, 2024. (ECF Nos. 42, 44.)

      For the reasons set forth herein, the Court overrules Petitioner's objections, adopts the Magistrate Judge's Report, and grants Respondent's motion for summary judgment.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II. Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

In the Report, the Magistrate Judge carefully outlined the relevant procedural background and the applicable law. (ECF No. 37 at 2-12.) After setting forth the two grounds for relief set forth in Petitioner's § 2254 petition, the Magistrate Judge determined that Petitioner's allegations of ineffective post-conviction relief ("PCR") counsel failed to constitute "cause" to overcome the default of his claims of ineffective assistance of trial counsel. (*See id.* at 12-13 (explaining the narrow exception to excuse a procedural default set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012)).[1]) More specifically, the Magistrate Judge found that Petitioner failed to show that his underlying ineffective-assistance-of-trial counsel claims have some merit.

With respect to ground one, where Petitioner asserts that trial counsel was ineffective for failing to object to the trial court's jury instruction on accomplice liability, the Magistrate Judge correctly noted that trial counsel actually *did* object to the accomplice liability charge. Thus, any PCR claim of ineffective assistance of counsel based on PCR counsel's failure to object would have been without merit. As a result, Petitioner cannot show that PCR counsel was ineffective for failing to raise a meritless claim. (*See* ECF No.

---

[1] As the Magistrate Judge properly explained, ineffective assistance of counsel during state post-conviction proceedings normally does not constitute cause to excuse a procedural default because a prisoner does not have a constitutional right to counsel during post-conviction proceedings. *See Davila v. Davis*, 582 U.S. 521, 524 (2017). However, under a narrow exception, ineffective assistance of PCR counsel can constitute "cause to overcome the default of a single claim–ineffective assistance of trial counsel–in a single context–where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Id.* at 524-25 (citing *Martinez*). For this exception to apply, a petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that . . . the claim has some merit," *Martinez*, 566 U.S. at 14, and that PCR Counsel was ineffective under *Strickland v. Washington* for not raising that claim.

37 at 14-15.) Accordingly, the Magistrate Judge found that Petitioner failed to show cause to excuse the procedural default of his first ground for relief.

Next, with respect to ground two of the petition, where Petitioner alleges that PCR counsel was ineffective for failing to assert the claim that trial counsel was ineffective for not objecting to portions of Ms. Adams' testimony as impermissible hearsay, the Magistrate Judge found that Petitioner failed to show that there was some merit to the underlying claim of ineffectiveness of trial counsel. In other words, the Magistrate Judge found that Petitioner failed to show how trial counsel's performance was deficient with regard to the handling of Ms. Adams' testimony such that a claim of ineffective assistance of trial counsel would have had some merit during PCR proceedings. Thus, the Magistrate Judge also found that Petitioner failed to demonstrate cause to excuse the procedural default of his second ground under *Martinez.*

As previously mentioned, Petitioner filed objections to the Report as well as a motion to appoint counsel, a letter, and additional materials. (*See* ECF Nos. 39, 40, 42, 44.) However, nowhere in these filings does Petitioner specifically respond to the Magistrate Judge's analysis and findings. Rather, in his recent filings, Petitioner merely rehashes his claim that he was wrongly convicted under an accomplice liability theory. Critically, he fails to point to any legal error in the Magistrate Judge's findings regarding the procedural default of his claims. After review, therefore, the Court finds no clear error in the Magistrate Judge's analysis. Furthermore, even giving Petitioner the benefit of the doubt and conducting a *de novo* review, the Court fully agrees with the Magistrate Judge's analysis and finds that Petitioner has failed to demonstrate that his underlying ineffective-assistance-of-trial counsel claims, as set forth in grounds one and two of his petition, have

4

"some merit" to constitute cause to overcome the procedural default of these claims under *Martinez*. Thus, for the specific reasons set forth by the Magistrate Judge, the Court grants Respondent's motion for summary judgment.

## **CONCLUSION**

Based on the foregoing, the Court overrules Petitioner's objections (ECF No. 40); the Court denies Petitioner's motion to appoint counsel (ECF No. 39); the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 37); and the Court grants Respondent's motion for summary judgment (ECF No. 23).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 30, 2025
Charleston, South Carolina

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the Court declines to issue a certificate of appealability.